UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN LONG and LUDVIC PRESTO,

                Plaintiffs,

    -against-                  05 Civ. 0639 (GEL)

MARUBENI AMERICA CORPORATION;
KAZUHIKO SAKAMOTO in his official and
individual capacities; MASAMI SAITO in his
official arid individual capacities; JOE VAN
DORN in his official and individual capacities;
and SHIGEMASA SONOBE in his official and
individual capacities,

                Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Gregory I. Rasin (GR 7813)
Steven D. Hurd (SH 0350)
Elizabeth Cowit (EC 5176)

ATTORNEYS FOR DEFENDANTS KAZUHIKO
SAKAMOTO, MASAMI SAITO, SHIGEMASA
SONOBE AND JOE VAN DORN

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS..................................................................................................i

FACTUAL BACKGROUND ........................................................................................ 2

ARGUMENT ................................................................................................................. 3

POINT I
PLAINTIFFS CANNOT MAINTAIN THEIR §1981 CLAIMS AS A MATTER OF LAW. ........ 3

POINT II
UPON DISMISSAL OF PLAINTIFFS' §1981 CLAIMS, THE COURT HAS NO SUPPLEMENTAL SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' REMAINING STATE AND LOCAL LAW CLAIMS. .................................................................................. 3

POINT III
EVEN IF THE COURT HAD SUBJECT MATTER JURISDICTION, PLAINTIFFS' DEFAMATION CLAIM IS NOT VIABLE. ............................................................................. 4

POINT IV
BASED UPON THE ALLEGATIONS IN THE AMENDED COMPLAINT, PLAINTIFFS' DISCRIMINATION AND AIDER AND ABETTOR CLAIMS AGAINST DEFENDANTS SONOBE AND VAN DORN SHOULD BE DISMISSED. ........................................................ 5

    A.   The Pleading Standard. ..................................................................................... 5

    B.   Plaintiffs Have Not Alleged Any Discriminatory Acts By Defendant Sonobe. ................. 8

    C.   Plaintiffs Have Alleged No Conduct By Defendant Van Dorn Which Supports A Claim of Discrimination. To The Contrary, All Allegations Regarding Van Dorn Suggest He Favored Plaintiffs. ............................................................................................................. 8

POINT V
PLAINTIFFS DO NOT AND CANNOT ALLEGE ANY RETALIATORY CONDUCT BY DEFENDANT VAN DORN. .................................................................................................. 9

CONCLUSION ............................................................................................................. 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN LONG and LUDVIC PRESTO,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>MARUBENI AMERICA CORPORATION; KAZUHIKO SAKAMOTO in his official and individual capacities; MASAMI SAITO in his official arid individual capacities; JOE VAN DORN in his official and individual capacities; and SHIGEMASA SONOBE in his official and individual capacities,<br><br>　　　　　　　　　　　　Defendants. | 05 Civ. 0639 (GEL) |

## <u>MEMORANDUM OF LAW IN SUPPORT OF THE INDIVIDUAL DEFENDANTS'<br>MOTION TO DISMISS</u>

Defendants Kazuhiko Sakamoto, Masami Saito, Shigemasa Sonobe and Joe Van Dorn (collectively the "Individual Defendants"), move to dismiss the Amended Complaint in its entirety because: (1) Plaintiffs cannot maintain a cause of action under 42 U.S.C. §1981 ("§1981") for national origin discrimination and retaliation against any of the Defendants, including co-Defendant Marubeni America Corporation ("MAC"), as a matter of law; and (2) upon dismissal of Plaintiffs' §1981 claims this Court should decline supplemental subject matter jurisdiction over Plaintiffs' remaining state and local law claims under 28 U.S.C. §1367(c)(3).

Even if the Amended Complaint is not dismissed in its entirety on the bases stated above:

(1) Plaintiffs' defamation claim (Ninth Cause of Action) is legally deficient, as the alleged defamatory statements were statements of opinion and all of the statements are

subject to a qualified privilege which Plaintiffs cannot overcome; and, further, Plaintiffs fail to identify any defamatory statements made by Defendants Sakamoto or Saito;

(2) Plaintiffs have not alleged any facts sufficient to establish a discrimination claim under §1981, the New York State Human Rights Law, N.Y. Exec. Law §290 et seq., ("NYHRL") or the New York City Human Rights Law, N.Y. Admin. Code §8-101 et seq. ("NYCHRL") against Defendant Van Dorn, or aider and abettor claims under the NYHRL or NYCHRL against Defendants Sonobe and Van Dorn; and

(3) Plaintiffs' claims of retaliation under §1981, the NYHRL and NYCHRL cannot be maintained against Defendant Van Dorn, as he was no longer working at MAC at the time of the alleged retaliatory conduct.

Therefore, Plaintiffs' defamation claims should be dismissed as to all Individual Defendants, Plaintiffs' discrimination claims should be dismissed as to Defendant Van Dorn, Plaintiffs' aider and abettor claims should be dismissed as to Defendants Sonobe and Van Dorn, and Plaintiffs' retaliation claims should be dismissed as to Defendant Van Dorn.

## FACTUAL BACKGROUND

The Individual Defendants adopt and incorporate the factual background described in the "Statement of Facts" section of Defendant MAC's April 29, 2005, Memorandum in Support of Its Motion to Dismiss ("MAC Brief").

In addition, Defendant Van Dorn, the former Executive Vice President in charge of Human Resources at MAC (Amended Complaint, ¶19), retired from MAC on December 31, 2002 (Van Dorn Aff., ¶¶1-2), more than two years before this case was commenced.[1] Plaintiffs

---

[1] References to the paragraphs of the April 25, 2005 Affidavit of Defendant Van Dorn submitted herewith in support of the Individual Defendants' motion to dismiss are cited as (Van Dorn Aff., ¶¶__). Although an evaluation of a Rule 12(b)(6) motion is typically limited to the allegations in the complaint and documents attached thereto, the Second Circuit has held where the plaintiff has actual notice of the information in the

allege in the Amended Complaint that Defendant Van Dorn stated in Plaintiff Long's December 2002 written evaluation that "in [Defendant Van Dorn's] long career, Kevin is the best HR executive that [he has] ever met." (Amended Complaint, ¶28). Further, Plaintiffs allege Defendant Van Dorn provided both Plaintiffs with severance agreements for "life-time employment" in the amounts of $4,625,000 (Plaintiff Presto) and $4,875,000 (Plaintiff Long) in recognition of their "significant and ongoing contributions to MAC." (Amended Complaint, ¶¶33-40).

## ARGUMENT

### POINT I

### PLAINTIFFS CANNOT MAINTAIN THEIR §1981 CLAIMS AS A MATTER OF LAW.

The Individual Defendants adopt and incorporate the arguments contained in Defendant MAC's Brief at Points I and II with respect to Plaintiffs' §1981 claims. For the reasons stated therein, the Individual Defendants request Plaintiffs' §1981 claims (First and Second Causes of Action) against the Individual Defendants be dismissed.

### POINT II

### UPON DISMISSAL OF PLAINTIFFS' §1981 CLAIMS, THE COURT HAS NO SUPPLEMENTAL SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' REMAINING STATE AND LOCAL LAW CLAIMS.

The Individual Defendants adopt and incorporate the arguments contained in Defendant MAC's Brief at Point III with respect to the Court's supplemental jurisdiction over Plaintiffs' discrimination, retaliation and aider and abettor claims under the NYHRL (Third,

---

movant's papers, consideration of such information even if outside of the complaint will not necessitate transforming a Rule 12(b)(6) motion to one for summary judgment under Rule 56. See Cortec Industries, Inc. v. Sum Holdings, L.P., 949 F.2d 42, 48 (2d Cir. 1991). Here, while Plaintiffs allege in the Amended Complaint Defendant Van Dorn is retired (Amended Complaint, ¶¶ 19 (identifying Defendant Van Dorn as the former Executive Vice President of Human Resources), and 40 (incorporating a memorandum allegedly from Defendant Saito stating Defendant Van Dorn is retired)), Defendant Van Dorn's affidavit merely places a date on this retirement, which is known by Plaintiffs and not disputed.

Fourth and Fifth Causes of Action) and the NYCHRL (Sixth, Seventh and Eighth Causes of Action), as well as Plaintiffs' defamation and libel/slander per se (Ninth Cause of Action) and declaratory judgment claims (Tenth Cause of Action). For the reasons stated therein, the Individual Defendants request Plaintiffs' Third through Tenth Causes of Action against the Individual Defendants also be dismissed.

## POINT III

### EVEN IF THE COURT HAD SUBJECT MATTER JURISDICTION, PLAINTIFFS' DEFAMATION CLAIM IS NOT VIABLE.

The Individual Defendants adopt and incorporate the arguments contained in Defendant MAC's Brief at Point IV with respect to Plaintiffs' defamation claim (Ninth Cause of Action). For the reasons stated therein, Defendants Sakamoto, Saito and Sonobe[2] request that, regardless of the Court's exercise of supplemental jurisdiction, the Ninth Cause of Action against them be dismissed.

In addition, Plaintiffs' defamation claim is based upon an alleged January 25, 2005 e-mail by Defendant Sonobe. (Amended Complaint, ¶¶131-35). With respect to Defendants Sakamoto and Saito, Plaintiffs merely allege the e-mail was sent with their "knowledge, permission and/or authorization." (Amended Complaint, ¶136). Under New York law such allegations are insufficient to establish a defamation claim: Plaintiffs must allege, inter alia, the particular words made by the individual accused. See NYCPLR Rule 3016(a); Roberts v. Finkel, 46 A.D.2d 878, 362 N.Y.S.2d 176 (1st Dep't 1974). Although the specificity requirements under CPLR §3016(a) do not apply to pleadings of defamation in federal court, plaintiffs must still provide sufficient notice of the defamatory statements in order to allow the defendant to defend himself. See Odom v. Columbia Univ., 906 F.Supp. 188, 196-97 (S.D.N.Y.

---

[2]   The Ninth Cause of Action is not alleged against Defendant Van Dorn.

- 4 -

1995). See also FRCP 8(a); <u>Wanamaker v. Columbia Rope Co.</u>, 713 F.Supp. 533 (N.D.N.Y. 1989) (defamation claim dismissed where complaint failed to reference allegedly defamatory statements made by defendants to give notice of statements at issue). Plaintiffs fail to identify any alleged defamatory statements made by Defendants Saito or Sakamoto, thereby preventing them from defending themselves against this claim. A defamation claim cannot be maintained against Defendants Sakamoto or Saito based upon statements allegedly made by Defendant Sonobe. See <u>A. Terzi Productions, Inc. v. Theatrical Protective Union</u>, 2 F.Supp.2d 485, 495 (S.D.N.Y. 1998) (union officers could not be held liable for defamation where no defamatory statements were attributed to them but, instead, alleged statements were made by other union members). Thus, Plaintiffs' defamation claim should be dismissed as to Defendants Sakamoto and Saito.

POINT IV

<u>BASED UPON THE ALLEGATIONS IN THE AMENDED COMPLAINT, PLAINTIFFS' DISCRIMINATION AND AIDER AND ABETTOR CLAIMS AGAINST DEFENDANTS SONOBE AND VAN DORN SHOULD BE DISMISSED.</u>

A.  <u>The Pleading Standard.</u>

Plaintiffs have failed to meet the notice pleading standards under Federal Rule of Civil Procedure 8(a)(2) with respect to their discrimination claims against Defendant Van Dorn, and aider and abettor claims against Defendants Sonobe and Van Dorn.[3] See <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 512-14 (2002). Rule 8(a)(2) provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to such relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule is to provide defendants with "fair notice of what [p]laintiff's claim is and the grounds upon which it rests." <u>O'Neal v. State Univ. of New York,</u>

---

[3]  Plaintiffs' discrimination claims under §1981, the NYHRL and NYCHRL are not alleged against Defendant Sonobe. (Amended Complaint, ¶¶144, 154, 166).

Health Science Ctr. Brooklyn, No. CV-01-7802, 2003 U.S. Dist. LEXIS 4404, *19 (E.D.N.Y. March 24, 2003)(citing Swierkiewicz, 534 U.S. at 512 (citations omitted)).[4]

As the standard now stands, "a court may dismiss a complaint [] if it is clear that no relief could be granted under any set of facts that could be proved **consistent with the allegations**." Swierkiewicz, 534 U.S. at 514 (quoting Hishon v. King & Spalding, 467 U.S. 69 (1984) (emphasis added)). The Plaintiffs must "disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) (quoting Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)). A district court may, on motion or *sua sponte*, dismiss the complaint for failure to comply with these requirements. Kittay, 230 F.3d at 542.

Here, what Plaintiffs' Amended Complaint effectively alleges is unlawful national origin discrimination against Plaintiffs, who are Caucasian American (Plaintiff Presto) and Caucasian Canadian (Plaintiff Long) by all Defendants, except Defendant Sonobe, in violation of § 1981, the NYHRL and the NYCHRL (First, Third and Sixth Causes of Action). Plaintiffs also allege aiding and abetting claims against the Individual Defendants under the NYHRL and NYCHRL (Fifth and Eighth Causes of Action), which, essentially, are claims of discrimination seeking to impose personal liability on the Individual Defendants. See Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995).[5]

---

[4]  All unreported cases cited herein are attached as Exhibit A.

[5]  "Courts commonly analyze the sufficiency of such claims in the same manner as Title VII claims reaching the same result." Pagan v. New York State Div. of Parole, et al., 98 Civ. 5840, 2002 U.S. Dist. LEXIS 4236, *14 (S.D.N.Y. March 13, 2002)(citing Hargett v. Nat'l Westminster Bank, USA, 78 F.3d 836, 838-39 (2d Cir.), cert. denied, 519 U.S. 824 (1996)(apply Title VII analysis to § 1981 claim); Sowemimo v. D.A.O.R. Sec., Inc., 43 F. Supp.2d 477, 484 (S.D.N.Y. 1999), aff'd, Nos. 00-7342, 00-7868, 2001 U.S. App. LEXIS 827 (2d Cir. 2001) (notifying that claims under Title VII and Human Rights Law "can be examined identically for summary

Although Plaintiffs need not plead a *prima facie* case of discrimination, they must at a minimum allege facts that give rise to an inference of discrimination against Plaintiffs by the Defendants. See generally Thomas v. Westchester County Health Care Corp., et al., 232 F. Supp.2d 273 (S.D.N.Y. 2002). In Thomas, the court found that the plaintiff's Title VII claims of gender discrimination did not meet the Swierkiewicz standard because the complaint was "devoid of any assertions of fact." Id. at 278. The court further relied on the plaintiff's omission of pled facts, "such as discriminatory comments indicating gender bias, ..., or preferable treatment ..." which could lead a reasonable trier of fact to conclude the defendant's decision for disciplinary proceedings against the plaintiff was discriminatory. Id. Under an aiding and abetting theory, "if the plaintiff fails to plead any facts suggesting that a defendant displayed any intent to discriminate or was in any way involved in the alleged discriminatory scheme, the defendant may not be held liable . . ." Lewis v. Triborough Bridge & Tunnel Auth., 77 F.Supp.2d 376, 381 (S.D.N.Y. 1999).

Thus, under the NYHRL and the NYCHRL, Plaintiffs must allege that the Individual Defendants engaged in discriminatory acts against them. Lee v. Overseas Shipholding Group, Inc., 00 Civ. 9682, 2002 U.S. Dist. LEXIS 15355 at * 21 (S.D.N.Y. August 21, 2002) (internal quotation marks omitted). Similarly, the Second Circuit has found that, in order to hold the Individual Defendants liable under §1981, Plaintiffs must show "some affirmative link to causally connect the acts with the discriminatory activity." Whidbee, et al. v. Garzarelli Food Specialties, Inc., et al., 223 F.3d 62, 75 (2d Cir. 2000)(citations omitted); Wright v. Milton Paper Co., et al., 99 CV 5724, 2002 U.S. Dist. LEXIS 17313, at **42-43 (E.D.N.Y. March 26, 2002).

---

judgment purposes"); Rosenblatt v. Bivona & Cohen, P.C., 946 F. Supp. 298, 300 (S.D.N.Y. 1996)("New York State Human Rights Law is applied in a fashion consistent with the federal civil rights laws.").

B.  **<u>Plaintiffs Have Not Alleged Any Discriminatory Acts By Defendant Sonobe.</u>**

In the Amended Complaint, Plaintiffs make no allegation of any discriminatory conduct or any display of discriminatory intent by Defendant Sonobe to substantiate an aiding and abetting claim under the NYHRL and NYCHRL. See Lewis, 77 F.Supp.2d at 381. Instead, Plaintiffs merely make the general claim that Defendant Sonobe participated in improper acts of which Plaintiffs complained. (Amended Complaint, ¶ 20). Nowhere in the Amended Complaint do Plaintiffs allege a <u>single</u> act of discrimination by Defendant Sonobe against Plaintiffs, nor do they allege any comments or any conduct to demonstrate any discriminatory intent on Defendant Sonobe's part. In fact, the only specific conduct Plaintiffs allege Defendant Sonobe engaged in is sending a January 25, 2005 e-mail which Plaintiff's contend was retaliatory and defamatory. (Amended Complaint, ¶¶ 132-137).

The Amended Complaint is devoid of any facts that Defendant Sonobe engaged in any discriminatory acts against Plaintiffs because they are Caucasian, Canadian and/or American, and there is no basis to infer Defendant Sonobe discriminated against Plaintiffs. See Lee, 2002 U.S. Dist. LEXIS 15355 at *21. As such, on the face of the Amended Complaint, Plaintiffs have failed to allege any facts under which an aiding and abetting claim against Defendant Sonobe can be maintained, and those claims under the NYHRL and NYCHRL should be dismissed against him. See Thomas, Lewis, supra.

C.  **<u>Plaintiffs Have Alleged No Conduct By Defendant Van Dorn Which Supports A Claim of Discrimination. To The Contrary, All Allegations Regarding Van Dorn Suggest He Favored Plaintiffs.</u>**

With respect to Defendant Van Dorn, Plaintiffs have not only failed to allege any discriminatory conduct or intent by Defendant Van Dorn against Plaintiffs, but, instead, have alleged acts and comments by Defendant Van Dorn toward Plaintiffs which are entirely inconsistent with any such discrimination claims.

Specifically, Plaintiffs allege Mr. Van Dorn, a Caucasian American, stated in Plaintiff Long's December 2002 written evaluation that "in my long career, Kevin is the best HR executive that I have ever met." (Amended Complaint, ¶ 28). Further, Plaintiffs allege Defendant Van Dorn provided both Plaintiffs with severance agreements for "life-time employment" in the amounts of $4,625,000 (Plaintiff Presto) and $4,875,000 (Plaintiff Long) in recognition of their "significant and ongoing contributions to MAC." (Amended Complaint, ¶¶ 33-40). Such allegations are wholly inconsistent with claims Mr. Van Dorn treated Plaintiffs less favorably and/or discriminated against them due to their national origins or on any other basis. There is no claim in the Amended Complaint that Defendant Van Dorn discriminated against people in general because they were Caucasians, Americans or Canadians. Nor is there any such claim with regard to the Plaintiffs in particular. Instead, given the allegations in the Amended Complaint, Defendant Van Dorn apparently treated Plaintiffs <u>more</u> favorably than other employees and indicated a preference for them, rather than any discriminatory intent. As such, Plaintiffs have not alleged any facts that Defendant Van Dorn displayed any intent to discriminate <u>against Plaintiffs</u>, and, therefore, Defendant Van Dorn cannot be held liable based on the allegations in the Amended Complaint for discrimination under §1981, the NYHRL or NYCHRL, or for aiding and abetting discrimination under the NYHRL and NYCHRL. <u>See</u> <u>Lewis</u>, <u>Lee</u>, <u>supra</u>.

### POINT V

### PLAINTIFFS DO NOT AND CANNOT ALLEGE ANY RETALIATORY CONDUCT BY DEFENDANT VAN DORN.

Plaintiffs' Amended Complaint also alleges claims of retaliation under §1981, the NYHRL and the NYCHRL. (Second, Fourth and Seventh Causes of Action). In order to plead such claims of retaliation, Plaintiffs must allege facts that the Defendants engaged in adverse

employment action against Plaintiffs as a result of Plaintiffs engaging in protected activity. See Cruse v. G&J USA Pub., 96 F.Supp.2d 320, 327 (2d Cir. 2000); Santos v. Costco Wholesale, Inc., 271 F.Supp.2d 565, 574 (S.D.N.Y. 2003). Plaintiffs have not and cannot allege such facts with respect to Defendant Van Dorn.

Defendant Van Dorn retired effective December 31, 2002, and has performed no duties for MAC since then. (Van Dorn Aff., ¶¶2-3). Plaintiffs do not allege they voiced complaints of discrimination prior to October 2003 (Amended Complaint ¶ 83), long after Defendant Van Dorn retired from MAC. Moreover, they do not allege that any retaliatory acts by Defendants occurred until 2004 (Amended Complaint ¶ 119-130). Since those alleged acts all occurred after Defendant Van Dorn left MAC, Plaintiffs have not alleged any retaliatory conduct in which Defendant Van Dorn could have participated or for which he could be held liable. Therefore, Plaintiffs' retaliation claims under §1981, the NYHRL and the NYCHRL against Defendant Van Dorn should also be dismissed.

## CONCLUSION

For the foregoing reasons, as well as those contained in MAC's Brief and papers in support of its Motion to Dismiss, the Individual Defendants request Plaintiffs' Amended Complaint be dismissed as to them in its entirety. In the alternative, if the Court does not dismiss Plaintiffs' §1981 claims against all Defendants or otherwise retains supplemental jurisdiction over Plaintiffs' state and local law claims:

(1) Plaintiffs' defamation claim should still be dismissed as to all Individual Defendants because the alleged defamatory statements were of opinion and subject to a qualified privilege which Plaintiffs cannot overcome, and as against Defendants Sakamoto and Saito because no defamatory statements are attributed to them;

(2) Plaintiffs' discrimination claims against Defendant Van Dorn and aider and abettor claims against Defendants Sonobe and Van Dorn should be dismissed as there are no allegations of any discriminatory conduct by those individuals; and

(3) Plaintiffs' retaliation claims should be dismissed against Defendant Van Dorn as he no longer worked for MAC during the time of any alleged retaliation.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
(212) 545-4000

Dated: April 29, 2005
New York, New York

By: _____
Gregory I. Rasin (GR 7813)
Steven D. Hurd (SH 0350)
Elizabeth Cowit (EC 5176)

ATTORNEYS FOR DEFENDANTS KAZUHIKO SAKAMOTO, MASAMI SAITO, SHIGEMASA SONOBE AND JOE VAN DORN