UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
KEVIN LONG and LUDVIC PRESTO,                               :
                                                            :
                    Plaintiffs,                             :
                                                            :     05 Civ. 0639 (GEL)
        -v-                                                 :
                                                            :     **OPINION AND ORDER**
                                                            :
MARUBENI AMERICA CORP., et al.,                             :
                                                            :
                    Defendants.                             :
------------------------------------------------------------x

Kenneth P. Thompson, Scott Browning Gilly, Douglas
H. Wigdor, Kathryn J. Webber, Thompson Wigdor &
Gilly LLP, New York, NY, <u>for plaintiffs Long and Presto</u>.

Gregory I. Rasin, Steven D. Hurd, Elizabeth Cowit,
Jackson Lewis LLP, New York, NY, <u>for defendant
Joe Van Dorn</u>.

GERARD E. LYNCH, District Judge:

On October 12, 2005, this Court granted in part defendants' motion to dismiss plaintiffs' amended complaint, which alleged employment discrimination and various state law torts. <u>See</u> <u>Long v. Marubeni America Corp.</u>, 406 F. Supp. 2d 285, 303 (S.D.N.Y. 2005). In particular, the Court granted the motion to dismiss certain counts charging defendant Joe Van Dorn ("Van Dorn" or "defendant") with retaliating against plaintiffs for their complaints of racial and ethnic discrimination at Marubeni, where he once served as Executive Vice President of Human Resources, noting, inter alia, that facts central to plaintiffs' theory that Van Dorn had retaliated against them by falsely denying having made certain promises to them on behalf of Marubeni had not been pled in the complaint. <u>Id</u>. at 301. Plaintiffs subsequently filed a Second Amended Complaint, and then a Third Amended Complaint, which plead more clearly a variety of causes

of action squarely based on retaliation. Van Dorn has moved to dismiss those claims. The motion will again be granted in part and denied in part.[1]

The underlying facts are set forth in the Court's previous opinion and will not be repeated in detail here. For purposes of this motion it is sufficient to note that according to the Third Amended Complaint ("the Complaint," or "Compl."), which must be taken for these purposes as true, plaintiffs, to whom Van Dorn had promised lifetime employment, were treated adversely by Marubeni in retaliation for their repeated complaints about pervasive discrimination against themselves and other non-Asian and/or non-Japanese employees. More specifically, plaintiffs allege that Marubeni, relying on the testimony of Van Dorn, has denied the authenticity of written severance agreements in which Marubeni promised plaintiffs "life long employment," including a promise of extremely generous severance packages if they were ever terminated without cause. (Compl. ¶¶ 37-42, 132-34.) The Complaint charges that Marubeni went so far as to threaten to complain to the FBI that plaintiffs' insistence on their rights under the severance agreements constituted fraud. (Compl. ¶ 134.) Plaintiffs specifically allege that Van Dorn falsely denied having made the severance agreements in retaliation for a November 10, 2004, letter from plaintiffs' attorneys to defendant Sakamoto that detailed defendants' allegedly

---

[1] The present motion to dismiss was originally filed against plaintiffs' Second Amended Complaint. Plaintiffs filed the Third Amended Complaint while the motion was pending. The Third Amended Complaint ("Compl.") re-alleges the causes of action in the Second Amended Complaint and adds claims against defendant Marubeni based on breach of contract, breach of duty of good faith and fair dealing, and promissory estoppel. (Compl. ¶¶ 224-42.) Plaintiffs do not assert these new claims against Van Dorn. Plaintiffs and Van Dorn have agreed, in a stipulation approved by the Court on February 27, 2006, that Van Dorn's Motion to Dismiss certain claims against Van Dorn in the Second Amended Complaint "will be deemed to be filed and fully briefed in response" to the Third Amended Complaint. (Stip. to Grant P. Leave to File Third Am. Compl. at 2.) All of the complaint citations in this opinion refer to the Third Amendment Complaint.

retaliatory and discriminatory conduct against plaintiffs. (Compl. ¶¶ 130, 132.) Based on these allegations, plaintiffs assert claims for retaliation founded on 42 U.S.C. § 1981, and on New York State and City discrimination laws (Counts 4, 6, and 9), and for aiding and abetting such retaliation under the State and City laws (Counts 7 and 10).

In order to prevail on a retaliation claim, plaintiffs will need to demonstrate that (1) they participated in a protected activity of which defendant was aware; (2) they suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. See Lizardo v. Denny's, Inc., 270 F.3d 94, 105 (2d Cir. 2001); Taitt v. Chem. Bank, 849 F.2d 775, 777 (2d Cir. 1988); see also Hill v. Citibank Corp., 312 F. Supp. 2d 464, 477 (S.D.N.Y. 2004) ("The standards for retaliation claims under federal, [New York] state, and [New York City] local law are the same.").

Focusing on the "causal connection" prong of this test, Van Dorn argues at some length that plaintiffs' claims that he harbored retaliatory animus against them are irrational. He notes that even taking the complaint's facts as true, he repeatedly promoted plaintiffs, gave them lifetime employment agreements, and praised them in job evaluations. It was not until November 2004, two years after Van Dorn says he retired and long after plaintiffs' complaints were made, that defendant made his allegedly retaliatory and false denial of the authenticity of the severance agreements. Van Dorn argues that this time gap precludes an inference that any action on his part adverse to plaintiffs stemmed from retaliatory motives.

This argument, however, amounts to a factual defense against the charge of retaliatory motive, which may not be considered at the motion to dismiss stage. Retaliatory motive is a question of fact, plaintiffs have alleged that such motive existed, and that allegation must be

3

taken as true for purposes of the present motion. See United States v. Space Hunters, Inc., 429 F.3d 416, 424 (2d Cir. 2005). Though Van Dorn cites a number of cases for the proposition that a plaintiff may not base an inference of retaliatory motive on acts that take place long after the complaints of discrimination were made, most of these cases addressed a summary judgment motion, see Clark County Sch. Dist. v. Breeden, 532 U.S. 268 (2001); Knight v. City of New York, 303 F. Supp. 2d 485 (S.D.N.Y. 2004); Thomas v. New York City Health and Hosps. Corp., 02 Civ. 5159 (RJH), 2004 WL 1962074 (S.D.N.Y. Sept. 2, 2004); Wood v. Sophie Davis Sch., 02 Civ. 7781 (HB), 2003 WL 22966288 (S.D.N.Y. Dec. 15, 2003), and therefore do not support Van Dorn's argument that the alleged time gap here dooms plaintiffs' claims at the motion to dismiss stage. Compare Thomas, 2004 WL 1962074, at *10 (explaining that when considering a summary judgment motion, a court considers "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," in order to determine whether there is a "genuine issue as to any material fact" (citation and internal quotation marks omitted)), with Shady Records, Inc. v. Source Enters., 351 F. Supp. 2d 74, 76 (S.D.N.Y. 2004) ("In the context of a motion to dismiss, the Court accepts as true the facts alleged in the complaint, and may grant the motion only if it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief." (alteration in original) (citations and internal quotation marks omitted)).

Only one of the cases cited by defendant involved a motion to dismiss. Harrison v. New York City Admin. for Children's Servs., 02 Civ. 947 (RCC), 2003 WL 22271219 (S.D.N.Y. Sept. 30, 2003). The persuasive authority of this decision, however, is fatally undermined by the Supreme Court's unanimous decision in Swierkiewicz v. Sorema, 534 U.S. 506 (2002), which

4

held in the Title VII context that "an employment discrimination plaintiff need not plead a prima facie case of discrimination" in order to survive a motion to dismiss. Id. at 515. It is only necessary that the complaint include "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 508, quoting Fed. R. Civ. P. 8(a)(2). Even if it "appear[s] on the face of the pleadings that a recovery is very remote and unlikely," dismissal is inappropriate unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id. at 514-15 (citations and internal quotation marks omitted); see also Phillip v. Univ. of Rochester, 316 F.3d 291, 298-99 (2d Cir. 2003) (applying Swierkiewicz's holding to a § 1981 case); Bedden-Hurley v. New York City Bd. of Educ., 385 F. Supp. 2d 274, 279-80 (S.D.N.Y. 2005) (applying Swierkiewicz's holding to a § 1981 retaliation case). Here, plaintiffs assert a retaliatory motive, and that allegation must be taken as true. Whether plaintiffs can develop adequate direct evidence of such a motive to generate a genuine factual issue, or whether the underlying facts are sufficient to permit an inference of such motivation from proximity in time or from any other facts in the case, are questions more appropriate for a summary judgment motion.

Van Dorn's more persuasive argument concerns the fact that Van Dorn had no employment relationship to plaintiffs when the alleged retaliatory actions took place. (See Compl. ¶¶ 24, 44.) Though the precise date of his retirement cannot be gleaned from the face of the complaint, the complaint does reveal that the primary retaliatory acts took place after Van Dorn retired. See infra note 2 and accompanying text. Moreover, plaintiffs' brief makes clear that they do not oppose Van Dorn's motion to dismiss on the ground that Van Dorn had not yet retired when the retaliation took place; rather, they concede that he had retired but argue that this

does not preclude liability for retaliation. (See, e.g., P. Mem. Opposition to Van Dorn Motion to Dismiss at 15, conceding that "the conduct at issue consists of actions by a former employee"; cf. id. at 18, conceding that "[d]efendant Van Dorn was not an employee at [Marubeni] at the time he aided and abetted the Company's retaliation.")

Plaintiffs' concessions regarding Van Dorn's retirement raise a substantial barrier to their claims, because in order to prevail in an employment retaliation case, plaintiffs must show that they were subject to "an adverse *employment* action at the hands of the defendant." Sprott v. Franco, 94 Civ. 3818 (PKL), 1997 WL 79813, at *9 (Feb. 25, 1997) (emphasis added); see also Hill v. Citibank Corp., 312 F. Supp. 2d 464, 477-78 (S.D.N.Y. 2004) (stating that an employment retaliation plaintiff must demonstrate that a "retaliatory motive played a part in [an] adverse *employment* action") (emphasis added); Hou v. New York City Dep't of Envtl. Prot., 98 Civ. 9569 (LBS), 1998 WL 531829, at *7 (S.D.N.Y. Aug. 24, 1998) (stating that an employment retaliation plaintiff must show that "the employee suffered an adverse employment action at the hands of the employer"). Because the alleged adverse actions by Van Dorn took place after his employment had ended, those actions could not have been "employment action[s] at [his] hands," and the complaint thus fails to state a retaliation claim. The complaint must thus be dismissed not because defendants fail to state facts establishing a prima facie case, but rather because no matter what facts plaintiffs could demonstrate consistent with the complaint, "it is clear that no relief could be granted" on an employment retaliation claim based on defendant's post-retirement conduct. Swierkiewicz, 534 U.S. at 514 (citation and internal quotation marks omitted).

A brief consideration of the specific retaliatory action alleged by plaintiffs bolsters this conclusion. Van Dorn is alleged personally to have falsely disavowed—well after his retirement—the lucrative severance contracts he allegedly entered with plaintiffs on Marubeni's behalf.[2] Even if Van Dorn's disavowal was critical to the alleged retaliatory acts or investigations, it would not, even in a case involving an employment dispute, constitute adverse *employment* action. As a retired executive, Van Dorn had no power to alter plaintiffs' employment conditions, for better or worse. His power was not that of an employer, but only that of any potential witness in a lawsuit—the power to support the story of one side to a dispute or the other by giving his account of historical events. Retaliatory actions that are not *employment* actions, undertaken by individuals who have absolutely no employment relationship to a plaintiff, cannot as a matter of law support a claim for unlawful retaliation in an employment discrimination case under § 1981.

Plaintiffs have also alleged, of course, that "defendants" took what a reasonable fact finder could conclude were additional adverse employment actions against them, including placing them on administrative leave, assigning their duties to others, threatening them with firing absent compliance with unreasonable demands, defaming them to other employees, denying them bonuses, salary adjustments, and benefits they were owed, and wrongfully terminating their employment. (Compl. ¶¶ 124-53.) While the complaint attributes these actions indiscriminately to "defendants," a category that includes Van Dorn, the actions took place after Van Dorn had retired. Other than the generalized attribution of these acts to "defendants,"

---

[2] According to the complaint, this retaliatory act did not occur until November 2004 at the earliest. The complaint concedes that Van Dorn retired by April 2004 at the latest. (Compl. ¶¶ 44, 132.)

plaintiffs do not specifically allege that Van Dorn took these actions, or explain how he had authority to take them or participate in taking them, given that he was no longer employed by Marubeni. A corporation can act only through its human agents and officers, see Goldfine v. Sichenzia, 118 F. Supp. 2d 392, 403 (S.D.N.Y. 2000), and plaintiffs do not allege any fact suggesting that Van Dorn remained after his retirement an agent or officer of Marubeni. Thus, plaintiffs fail to state a claim for retaliation under federal, state, and local law.[3]

The situation is different with respect to aiding and abetting, however. The New York State and City anti-discrimination laws do not prohibit only the act of retaliation itself. Rather, they specifically make it an unlawful employment practice for any person to "aid [or] abet . . . the doing of any of the acts forbidden under this article." N.Y. Exec. L. §296(6); see N.Y.C. Admin. Code § 8-107(6).[4]

---

[3] To the extent plaintiffs seek to hold Van Dorn liable under N.Y. Exec. L. § 296(1), their claims also fail because individual liability under that provision is limited to "supervisors, who themselves, have the authority to hire and fire employees." Gentile v. Town of Huntington, 288 F. Supp. 2d 316, 321 (E.D.N.Y. 2003) (citation and internal quotation marks omitted). Even assuming Van Dorn had that authority when he was still employed by Marubeni, plaintiffs allege no facts suggesting that he retained that authority after retiring.

[4] Section 1981 contains no analogous language, see 42 U.S.C. § 1981, and it is unlikely that plaintiffs could sustain a claim for aiding and abetting under that statute. Cf. Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 177 (1994) ("If . . . Congress intended to impose aiding and abetting liability [under Securities Exchange Act § 10(b)], we presume it would have used the words 'aid' and 'abet' in the statutory text. But it did not."), *superseded in part by* 15 U.S.C. § 78t(e); id. at 183 (rejecting the notion that aiding and abetting liability should attach to all federal civil statutes); EEOC v. Illinois, 69 F.3d 167, 169 (7th Cir. 1995) (Posner, J.) ("[W]e find it implausible to impute to Congress an intention to create [in the Age Discrimination in Employment Act], by language not at all suggestive of any such intention, aider and abettor liability of one employer to the employees of another employer."). But see Hampton v. LSX Delivery, 00 Civ. 6690 (JHL), 2002 WL 31399412, at *3 n.4 (N.D. Ill. Oct. 23, 2002) ("There is no case directly on point regarding whether [plaintiff] may assert a section 1981 claim . . . for aider and abettor liability."). The Court need not resolve that issue, however, because neither plaintiffs' complaint nor their brief asks the Court to expand § 1981 liability to include aiding and abetting claims; on the contrary, the complaint makes clear

8

The concept of aiding and abetting is a familiar one, drawn from the criminal law. Under the New York Penal Law, for example, an aider and abettor can be liable for the criminal act of another if "acting with the mental culpability required for the commission [of the offense], he . . . intentionally aids such person to engage in such conduct." N.Y. Penal Law § 20.00. Thus, a person can be liable as an aider and abettor under the New York anti-discrimination provisions if he "actually participate[d] in the conduct giving rise to a discrimination claim." Feingold v. New York, 366 F.3d 138, 157-159 (2d Cir. 2004) (citation and internal quotation marks omitted).

It is well established in criminal law that even where a crime is so defined that it can only be committed by persons in a particular category, an aider and abettor who does not fall into that category may be guilty of the offense. Thus, a woman may be guilty of rape, even under a non-gender-neutral statute, for helping a man to rape another woman, see Liberta v. Kelly, 839 F.2d 77, 82 n.3 (2d Cir.1988), and a non-bank-employee can be guilty of misapplying bank funds for aiding or abetting the misapplication of funds by an employee, see United States v. Unruh, 855 F.2d 1363, 1371 (9th Cir. 1987). Here, Van Dorn can be liable for aiding and abetting the retaliatory commission of adverse employment actions even if he himself lacked the authority to take such an action against plaintiffs, if, acting with the retaliatory animus required for liability, he intentionally aided another who did have such authority to engage in illegal conduct.

This is precisely what plaintiffs allege. They assert that by providing a false account of his negotiations with them, Van Dorn, although no longer in a position personally to take adverse employment actions against them, has, out of a desire to retaliate against them for their protected activity of complaining about prohibited discrimination at Marubeni, intentionally

---

that the aiding and abetting claims are based solely on state and local law.

assisted those who remain in power in the company to take adverse actions against them, including denying them contractual benefits under the alleged agreement. If the allegations in the complaint are true, Van Dorn's assistance played a vital role in several of the alleged adverse employment actions. (See, e.g., Compl. ¶ 145, claiming that "[d]efendant [Marubeni's] decision to deny Plaintiffs their 2004 bonuses, salary increases and vacation accrual was based largely upon Defendants Van Dorn's and Saito's retaliatory denials of the authenticity of Plaintiffs' Severance Agreements.") While the facts underlying this theory may or may not ultimately prove to be true, plaintiffs certainly state a claim for aiding and abetting a retaliatory employment action.

Accordingly, defendant Van Dorn's renewed motion to dismiss is granted as to Counts 4, 6, and 9, and denied as to Counts 7 and 10.

SO ORDERED.

Dated:   New York, New York
         March 6, 2006

_____
GERARD E. LYNCH
United States District Judge