UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                                                     :

KEVIN LONG and LUDVIC PRESTO,         :

                                 Plaintiffs,        :

                                                           :       05 Civ. 0639 (GEL)

                              -v-                    :

                                                           :       **OPINION AND ORDER**

MARUBENI AMERICA CORP., et al.,        :

                                 Defendants.      :
-----------------------------------------------------------x

Kenneth P. Thompson, Scott Browning Gilly, Douglas H. Wigdor, Kathryn J. Webber, Thompson Wigdor & Gilly LLP, New York, NY, <u>for plaintiffs Long and Presto</u>.

Kenneth W. Taber, Pillsbury Winthrop Shaw Pittman LLP, New York, NY, <u>for defendant Marubeni America Corp</u>.

GERARD E. LYNCH, District Judge:

       The parties to this action return to the Court with a third motion to dismiss addressed to plaintiffs' third amended complaint. In this instance, the parties indulge in a rather wasteful process of respectively multiplying unnecessary causes of action and filing unnecessary motions to remove them. Defendant Marubeni moves to dismiss two counts of plaintiffs' third amended complaint — Count XIV, for breach of the implied duty of good faith and fair dealing, and Count XV, for promissory estoppel. The motion could easily have been deferred until the summary judgment stage, as the relevant claims will make no difference to the discovery process. Nevertheless, since the motion has been made, and has merit, it will be granted.

       The background to the case is set forth in the Court's opinions on two prior motions to dismiss, and will not be repeated here. See <u>Long v. Marubeni America Corp.</u>, 406 F. Supp. 2d 285 (S.D.N.Y. 2005) ("<u>Long I</u>"); <u>Long v. Marubeni America Corp.</u>, No. 05 Civ. 639 (GEL),

2006 WL 547555 (S.D.N.Y. Mar. 6, 2006) ("Long II"). For purposes of the instant motion, the Court accepts as true the facts alleged in the complaint and will draw all reasonable inferences in plaintiffs' favor. See Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001).

The third amended complaint includes a cause of action for breach of the implied duty of good faith and fair dealing in addition to a breach-of-contract claim. It is well established, however, that "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." Harris v. Provident Life and Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002); see Wolff v. Rare Medium, Inc., 210 F. Supp. 2d 490, 497 (S.D.N.Y. 2002). That is because the covenant of good faith and fair dealing is simply an implied term of every contract, and its breach "is considered to be a breach of the underlying contract." Id. Here, despite plaintiffs' effort to assert that the two claims arise from different facts, the claims clearly arise from the same contract and the same breach, and seek essentially the same relief: plaintiffs claim that they had contracts for lifelong employment, which defendant allegedly breached by firing them. Contrary to plaintiffs' argument, this is not a matter of pleading inconsistent or alternative causes of action, which plaintiffs are entitled to do under the Federal Rules of Civil Procedure. It is a matter of pleading *duplicative* claims for breach of contract under New York law.

In their brief in opposition to defendant Marubeni's motion to dismiss, plaintiffs attempt to distinguish the good-faith-and-fair-dealing claim from their contract claim by asserting that the two claims arise from different facts and seek different damages. Plaintiffs claim, for example, that the "breach of the covenant of good faith and fair dealing . . . is based upon the discriminatory and retaliatory conduct engaged in by [defendant Marubeni] and the other

[d]efendants in this case." (P. Mem. in Opposition to D. Mot. to Dismiss ("P. Mem.") at 9.) However, to the extent this alleged unlawful conduct constituted a breach of an implied contract term, plaintiffs' allegations are subsumed under the breach-of-contract claim and may not constitute an entirely separate, and duplicative, cause of action. See Waxman v. Envipco Pick Up & Processing Servs., Inc., No. 02 Civ. 10132 (GEL), 2006 WL 236818, at *7 (S.D.N.Y. Jan. 17, 2006) (dismissing an implied covenant claim as duplicative of a contract claim "despite the attempt to emphasize different aspects of the conduct in the implied covenant claim" (citation and internal quotation marks omitted)).[1] To the extent the alleged unlawful conduct falls outside the scope of the contract, it may not form the basis of either a breach-of-contract claim *or* a claim for breach of the implied covenant of good faith and fair dealing. See Wolff, 210 F. Supp. 2d at 497 ("[T]he obligation of good faith does not create obligations that go beyond those intended and stated in the language of the contract.").

Plaintiffs' argument regarding damages is even less convincing. Plaintiffs claim that unlike their contract cause of action, which seeks enforcement of the severance agreement, their action for breach of the duty of good faith and fair dealing seeks damages for emotional and reputational injuries stemming from, inter alia, defendant Marubeni's alleged discriminatory and retaliatory conduct. (P. Mem. at 9-10.) However, because (1) the covenant of good faith and fair dealing is, by definition, an implied contract term, see Wolff, 210 F. Supp. 2d at 497, and (2) damages for emotional and reputational injuries are unavailable in actions alleging breach of contract, absent exceptional circumstances not alleged here, see Smith v. Positive Prods., 419 F.

---

[1] Nothing in this Opinion and Order will preclude plaintiffs from asserting a breach of the implied duty of good faith and fair dealing as part of their contract claim. The Court merely holds that the good-faith-and-fair-dealing claim may not constitute a separate cause of action.

Supp. 2d 437, 453 (S.D.N.Y. 2005), Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 46 (E.D.N.Y. 2005), plaintiffs' argument regarding emotional and reputational damages cannot save their good-faith-and-fair-dealing claim; on the contrary, the argument provides an additional reason to dismiss the claim.

Plaintiffs' claim for promissory estoppel fares no better, though for different reasons. Plaintiffs claim that, even if defendant's alleged promise of lifelong employment is unenforceable, they relied on that promise to their detriment and thus may recover on a theory of promissory estoppel. To succeed on a promissory estoppel claim under New York law, a plaintiff must allege "a clear and unambiguous promise[,] a reasonable and foreseeable reliance by the party to whom the promise is made, and an injury . . . by reason of the reliance." Cyberchron Corp. v. Calldata Sys. Development, Inc., 47 F.3d 39, 44 (2d Cir. 1995) (citations and internal quotation marks omitted). "[A]n unconscionable injury is sometimes required to fulfill the third requirement." Id.[2]

Regardless of whether defendant's alleged conduct was unconscionable here, the promissory estoppel claim fails because the alleged injuries did not result from plaintiffs' reliance on a promise. Rather, the injuries resulted from defendant's alleged unlawful conduct, including unlawful discrimination and retaliation. The alleged promise of lifetime employment may have motivated plaintiffs to remain at their jobs in spite of the unlawful conduct causing their injuries, but that does not change the fact that it was the unlawful conduct, and not

---

[2] Unconscionability is a required element, for example, where promissory estoppel is asserted to contravene the effect of the Statute of Frauds. See Philo Smith & Co., Inc. v. USLIFE Corp., 554 F.2d 34, 36 (2d Cir. 1977); see also Readco Inc., R.D.P. Assocs. v. Marine Midland Bank, 81 F.3d 295, 301 (2d Cir. 1996); Polargrid LLC v. Videsh Sanchar Ltd., No. 04 Civ. 9578 (TPG), 2006 WL 903184, at *3 (S.D.N.Y. Apr. 7, 2006).

plaintiffs' reliance on any promise of employment, which proximately caused the damages for which they seek relief. See Arcardian Phosphates, Inc. v. Arcadian Corp., 884 F.2d 69, 73 (2d Cir. 1989) (noting that a promissory estoppel claim must allege an injury "by reason of" plaintiff's reliance on defendant's promise (citation and internal quotation marks omitted)); Ellis v. Provident Life & Accident Ins. Co., 3 F. Supp. 2d 399, 410 (S.D.N.Y. 1998) (same).

Accordingly, Marubeni's motion to dismiss Counts XIV and XV of the third amended complaint is granted.

SO ORDERED.

Dated:   New York, New York
         June 20, 2006

_____
GERARD E. LYNCH
United States District Judge