

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN LONG and LUDVIC PRESTO,

          Plaintiffs,

vs.

MARUBENI AMERICA CORPORATION;
KAZUHIKO SAKAMOTO in his official
and individual capacities; MASAMI SAITO
in his official and individual capacities; JOE
VAN DORN in his official and individual
capacities; and SHIGEMASA SONOBE in
his official and individual capacities,

          Defendants,

05 Civ. 0639 (GEL) (KNF)

## STIPULATION AND ORDER REGARDING DISCOVERY DISPUTES

WHEREAS, on October 30, 2006, Magistrate Judge Kevin N. Fox conducted a hearing and issued certain directives to the parties regarding various discovery disputes;

WHEREAS, the Parties have further conferred and agreed to certain additional discovery procedures;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the parties hereto, and ordered by the Court, that:

**Proskauer Rose's Electronic Production**

    1.    No later than December 15, 2006, Proskauer Rose LLP ("Proskauer") shall:

        (a)    extract from Proskauer's central server a copy of all electronic files for the Marubeni America Corporation ("MAC") employment, employee

Redlined Revised Stip Oct 30 Rulings 2.doc

benefits, or general labor advice matters for the period of June 1, 2001 to the present (excluding the files for litigations or claims involving employees other than Kevin Long and Ludvic Presto and excluding matters opened after March 24, 2005);

(b) copy all such electronic files onto a removable hard-drive; and

(c) deliver the removable hard-drive to Stroz Friedberg, LLC ("Stroz Friedberg"), a neutral special master.

Subparts (a), (b) and (c) above are to be performed in a manner that captures all metadata in its existing form without alteration;

2. No later than December 15, 2006, Proskauer shall:

(a) extract from Proskauer's searchable e-mail files (excluding any e-mail files that are on back-up tapes) all e-mails whose senders or recipients worked on the MAC matters referenced in Paragraph 1 above, for any communications from the period of June 1, 2001 to April 30, 2002, that relate to, concern, constitute or have any indicia of or reference to MAC (the "Proskauer E-mail Files");

(b) copy the Proskauer E-mail Files onto a removable hard-drive; and

(c) deliver that removable hard-drive to Stroz Friedberg.

Subparts (a), (b) and (c) above are to be performed in a manner that captures all metadata in its existing form without alteration;

3. Within ten (10) days of receipt of the materials produced by Proskauer pursuant to paragraphs (1) and (2) above (the "Proskauer ESI"), Stroz Friedberg LLC shall

2

Redlined Revised Stip Oct 30 Rulings 2.doc

search the Proskauer ESI and prepare an inventory of all documents or files on the imaged hard-drives that relate to, concern, constitute or have any indicia of or reference to, any of the following two documents:

    a. The alleged severance agreement dated January 18, 2002, addressed to Kevin Long;

    b. The alleged severance agreement dated January 18, 2002 addressed to Ludvic Presto;

Stroz Friedberg is to use the same search terms it previously used to search Plaintiffs' personal home computers, with the exception that it shall only use those search terms that are related to (a) and (b) above.

    4. Stroz Friedberg LLC shall provide each undersigned counsel with a copy of the Inventory.

    5. The Inventory shall state, with respect to each item included therein: (i) the type of file or document (e.g., e-mail, Word document); (ii) the author(s); (iii) the addressee(s) and recipient(s); (iv) the date; and (v) the subject matter of the document as it appears from the file.

    6. At the time of the delivery of the Inventory, Stroz Friedberg shall simultaneously provide copies of each of the items on the Inventory to counsel for Proskauer Rose only.

    7. Counsel for Proskauer Rose shall have five (5) business days from the date of receipt of these files and documents to:

3

(i) review each of these files and documents included on the Inventory in order to identify and exclude from production any internal Proskauer Rose documents that do not, in fact, belong to MAC ("Internal Proskauer Documents");

(ii) identify any Internal Proskauer Documents on a log (the "Proskauer Log");

(iii) provide a copy of the Proskauer Log to counsel for Defendant MAC and counsel for the Plaintiffs; and

(iv) provide counsel for Defendant MAC all items on the Inventory, excluding the Internal Proskauer Documents.

8. Counsel for Defendant MAC shall then have twenty (20) business days from the date of receipt of these files and documents from counsel for Proskauer to:

(i) review each of these files and documents for any applicable privilege and responsiveness to Paragraph 3 above;

(ii) prepare a log of any such files or documents from the Inventory claimed to be privileged and/or work product, stating the basis for each such claim of privilege and/or work product including: (a) the subject matter of each document in sufficient detail to permit Plaintiffs to ascertain whether the document concerns Plaintiffs' agreements with MAC; (b) the sender and recipient for each e-mail in any e-mail chain and (c) the full Rule 26.2 information for attachments to e-mails;

4

(iii) prepare a log of any such files or documents from the Inventory that are not responsive stating the basis for such claim in sufficient detail for Plaintiffs to ascertain whether the document concerns Plaintiffs' agreements with MAC; and

(iv) provide copies of these logs to counsel for the Plaintiffs, along with any non-privileged, responsive documents.

9. Plaintiffs' counsel may challenge any Internal Proskauer Document, privilege, work product and/or responsiveness designations pursuant to the applicable rules.

**Proskauer Investigatory Materials**

10. Within thirty (30) business days of the date hereof, Defendant MAC shall produce any documents or portions of documents, including without limitation notes and/or memoranda, within the possession, custody, and/or control of Proskauer Rose from the period November 1, 2004 to the present concerning communications between Proskauer attorneys and any of Allen Fagin, Loren Gesinsky, Joe Van Dorn, Koji Kashima or Takahiro Murosumi, with respect to the events of 2001 and 2002 concerning the existence of the alleged Severance Agreements or any other agreements between MAC and Plaintiffs.

11. Any other work product created by Proskauer in connection to their investigation into the validity of Plaintiffs' alleged Severance Agreements ("the Investigatory Materials") or any of Plaintiffs' other claims, during the period from November 1, 2004 to the present, shall not be produced.

5

**Payment of Costs**

12.  The foregoing searches shall not include any search of back-up tapes unless Plaintiffs have first paid the costs of making such back-up tapes retrievable and searchable.

13.  Plaintiffs shall bear the costs of the services of Stroz Friedberg in performing the tasks described herein.

**Privilege Logs**

14.  Within twenty (20) business days of the date hereof, the parties shall exchange revised privilege logs that fully comply with Local Rule 26.2 (a); including without limitation, the sender and recipients of all e-mails in any e-mail chain as well as the full 26.2 information for any attachment to an e-mail.

**Sanctions**

15.  Even though Plaintiffs' previously-submitted privilege log failed to comply with Local Rule 26.2 (a), Defendant MAC's application for sanctions with respect to Plaintiffs' privilege log is denied.

_____
Kenneth P. Thompson (KT-6026)
Kathryn J. Webber (KP-9576)
THOMPSON WIGDOR & GILLY LLP
350 Fifth Avenue, Suite 5720
New York, NY 10036
(212) 239-9292
*Counsel for Plaintiffs*

_____
Kenneth W. Taber (KT-2570)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036
(212) 858-1813
*Counsel for Defendant Marubeni America Corporation*

NOV 17 2006 17:00 FR PROSKAUER ROSE LLP 212 969 2934 TO *1388*50340108*8 P.08

|  |  |
|---|---|
| James R. Williams (JRW-3006) | Edward A. Brill (EB-7218) |
| JACKSON LEWIS LLP | PROSKAUER ROSE LLP |
| 59 Maiden Lane | 1585 Broadway |
| New York, NY 10038 | New York, NY 10026 |
| (212) 545-4016 | (212) 969-3000 |
| *Counsel for the Individual Defendants* | *Counsel for Proskauer Rose* |

SO ORDERED, this _____ day of _____, 2006.

_____
Kevin N. Fox, U.S.M.J.

7

500109477v5

** TOTAL PAGE.08 **

_____  _____
James R. Williams (JRW-3006)      Edward A. Brill (EB-   )
JACKSON LEWIS LLP                 PROSKAUER ROSE LLP
59 Maiden Lane                    1585 Broadway
New York, NY 10038                New York, NY 10026
(212) 545-4016                    (212) 969-3000
*Counsel for the Individual Defendants*   *Counsel for Proskauer Rose*

SO ORDERED, this 27 day of November, 2006.

_____
Kevin N. Fox, U.S.M.J.

7

Redlined Revised Stip Oct 30 Rulings 2.doc